ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL ESPECIAL**

| | | |
|---|---|---|
| **FRANKLIN TOMEI LÓPEZ, CARLOS JAVIER TOMEI LÓPEZ, MARÍA ESTHER TOMEI LÓPEZ Y OTROS** <br> DEMANDANTE(S)- APELANTE(S) <br><br><br> V. <br><br><br> **SG NURSING HOME, INC.; SAN GERMÁN NURSING HOME, INC. (318172); SAN GERMAN NURSING HOME, INC. (363138) Y OTROS** <br> DEMANDADA(S)-APELADA(S) | **TA2025AP00245** | *APELACIÓN* <br> procedente del Tribunal de Primera Instancia, Sala Superior de **MAYAGÜEZ** <br><br> Caso Núm. **LJ2018CV00034 (206)** <br><br> Sobre: <br> Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y la Jueza Santiago Calderón.[1]

*Barresi Ramos*, juez ponente

### S E N T E N C I A

En San Juan, Puerto Rico, hoy día 12 de noviembre de 2025.

Comparecen ante este Tribunal de Apelaciones, los señores **FRANKLIN TOMEI LÓPEZ, CARLOS JAVIER TOMEI LÓPEZ Y MARÍA ESTHER TOMEI LÓPEZ DE POR SÍ Y EN REPRESENTACIÓN DE LA SUCESIÓN DE ALTAGRACIA LÓPEZ HERNÁNDEZ** (señores **TOMEI LÓPEZ**) mediante *Apelación* incoada el 14 de agosto de 2025. En su escrito, nos solicitan la revisión de la *Sentencia* decretada el 7 de mayo de 2025 por el Tribunal de Primera Instancia, Sala Superior de Mayagüez.[2] En dicha decisión, se desestimó la causa de acción sobre daños y perjuicios entablada por los señores **TOMEI LÓPEZ**, por haber transcurrido en exceso de sesenta (60) días, el término de veinte (20) días

---

[1] En virtud de la *Orden Administrativa OATA-2025-157* expedida el 19 de agosto de 2025; y de conformidad con la *Orden Administrativa OAJP-2021-086,* se designa a la Jueza Santiago Calderón en sustitución de la Jueza Rivera Pérez quien cesó de ejercer funciones en el Tribunal de Apelaciones.

[2] Este dictamen judicial fue notificado y archivado en autos el 8 de mayo de 2025. Apéndice de la *Apelación,* entrada núm. 118 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

concedido el 3 de febrero de 2025, para satisfacer la *fianza de no residente*, ello en conformidad con la Regla 69.5 de las de Procedimiento Civil de 2009.

Exponemos el trasfondo fáctico y procesal que acompañan a la presente controversia.

- I -

El 26 de noviembre de 2018, los señores TOMEI LÓPEZ instaron una *Demanda* sobre daños y perjuicios contra SG NURSING HOME, INC.; SAN GERMAN NURSING HOME, INC. (318172); SAN GERMAN NURSING HOME, INC. (363138); los señores ABIMAEL RIVERA OLIVERAS Y MARILYN MARTÍNEZ MATTEI y FULANA Y FULANO DE TAL (SG NURSING HOME Y OTROS).[3] En la *Demanda*, los señores TOMEI LÓPEZ alegaron que la señora ALTAGRACIA LÓPEZ HERNÁNDEZ (señora LÓPEZ HERNÁNDEZ), su progenitora, pereció el 24 de noviembre de 2017, a causa del cuidado negligente que recibió en el hogar de envejecientes y encamados perteneciente a SG NURSING HOME. Manifestaron que el 8 de mayo de 2017, luego de la señora LÓPEZ HERNÁNDEZ ser evaluada en SG NURSING HOME, advinieron en conocimiento del alegado maltrato que ésta había sufrido. Señalaron que el facultativo médico les informó que la señora LÓPEZ HERNÁNDEZ había desarrollado úlceras por presión, necrosis (gangrena o tejido muerto) en la espalda y en el pie derecho.[4] Ampliaron que estas condiciones de salud provocaron su deceso mediante un paro cardio-respiratorio y fallo orgánico múltiple a causa de una septicemia por úlcera. Los señores TOMEI LÓPEZ detallaron que previo a la presentación de la causa de acción, habían cursado, por correo certificado con acuse de recibo, una reclamación extrajudicial.

Es preciso apuntalar que, el 18 de junio de 2018, los señores TOMEI LÓPEZ presentaron una *Moción en Solicitud de Sentencia Sumaria*

---

[3] Apéndice de la *Apelación*, entrada núm. 1 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).
[4] Doctora Ángela A. Ramírez Irizarry.

acompañada de la misiva tramitada el 13 de noviembre de 2018 dirigida a **SG Nursing Home**.[5]

Posteriormente, el 11 de diciembre de 2020, **SG Nursing Home** presentó su *Contestación a Demanda* en la cual negó la mayoría de las alegaciones y levantó varias defensas afirmativas, entre estas, la interpelación estaba prescrita.[6]

Al tiempo, el 9 de noviembre de 2021, **SG Nursing Home y Otros** presentaron una *Moción de Desestimación* fundamentándose en que el requerimiento extrajudicial y la *Demanda*, ambos de fecha posterior al 8 de mayo de 2018, se realizaron fuera del plazo prescriptivo; por ende, no tenían efecto interruptor; y como consecuencia, el reclamo debía desestimarse por prescripción.[7] Adujeron que despunta de la propia *Demanda* que los señores **Tomei López** tuvieron conocimiento del daño que sufrió la señora **López Hernández** y de la alegada negligencia de los cuidadores desde el 8 de mayo de 2017, por lo que, el período de un (1) año que disponían para interponer su causa de acción había vencido el 8 de mayo de 2018. Agregaron que la reclamación extrajudicial mediante misiva con fecha de 13 de noviembre de 2018 no tuvo efecto interruptor, toda vez que se realizó fuera de plazo prescriptivo dispuesto por ley. El 16 de noviembre de 2021, el foro apelado concedió un periodo de veinte (20) días para replicar a la solicitud de desestimación.[8] Los señores **Tomei López** no presentaron contención alguna.

Eventualmente, el 22 de noviembre de 2021, el Tribunal de Primera Instancia denegó el petitorio de sentencia sumaria presentado por los señores **Tomei López** mediante *Resolución*.[9] Concluyó que existían hechos materiales realmente controvertidos que impedían resolver la controversia de manera

---

[5] Apéndice de la *Apelación*, entrada núm. 13 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[6] Apéndice de la *Apelación*, entrada núm. 23 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[7] Apéndice de la *Apelación*, entrada núm. 38 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[8] Entrada núm. 42 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI).

[9] Entrada núm. 43 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI).

sumaria. Como parte del dictamen, consignó cuatro (4) hechos incontrovertidos:

1. La demanda en autos fue radicada el lunes, 26 de noviembre de 2018.
2. Franklin Tomei López, Carlos Javier Tomei López y María Esther Tomei López son todos hijos de Altagracia López Hernández.
3. Altagracia López Hernández falleció el 24 de noviembre de 2017.
4. El 13 de noviembre de 2018, a los Sres. Abimael Rivera; Marilyn Martínez y S.G. Nursing Home, Inc. se les envió una carta certificada con acuse de recibo para pedir indemnización por el alegado maltrato que recibió Altagracia López Hernández.[10]

Luego de varios incidentes procesales, el 7 de febrero de 2022, se dictó *Sentencia* desestimando la *Demanda*.[11] El 22 de febrero de 2022, los señores **TOMEI LÓPEZ** presentaron una *Moción en Solicitud de Reconsideración* en la cual razonaron que "[c]on la muerte de doña Altagracia se marcó el inicio del término de prescripción de un año y no antes. Su fallecimiento fue el resultado definitivo del abandono y maltrato de los demandados hacia ella".[12] Así, el 3 de marzo de 2022, **SG NURSING HOME Y OTROS** presentaron su *Moción para Cumplir Orden y en Oposición a Reconsideración*.[13] El 20 de julio de 2022, se decidió *Resolución* declarando no ha lugar la súplica de reconsideración.

Después, el 19 de agosto de 2022, los señores **TOMEI LÓPEZ** interpusieron un recurso de *Apelación* al cual se le asignó el alfanumérico **KLAN202200370**. El 8 de marzo de 2023, el Tribunal de Apelaciones revocó la *Sentencia* y ordenó la continuación de los procedimientos.[14]

El 12 de septiembre de 2023, se pautó una audiencia sobre el estado de los procedimientos.[15] En consecuencia, las partes procedieron con el

---

[10] **SG NURSING HOME Y OTROS** no objetó la autenticidad de la misiva cursada el 13 de noviembre de 2018.

[11] Apéndice de la *Apelación*, entrada núm. 46 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA). Dicha determinación fue notificada y archivada en autos el 8 de febrero de 2022.

[12] Entrada núm. 50 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI).

[13] Entrada núm. 54 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI).

[14] Apéndice de la *Apelación*, entrada núm. 58 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[15] Entrada núm. 60 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI).

descubrimiento de prueba. Más adelante, el 28 de octubre de 2024, los señores **TOMEI LÓPEZ** presentaron *Primera Demanda Enmendada*.[16]

Seguidamente, el 17 de enero de 2025, **SG NURSING HOME Y OTROS** presentaron la *Moción sobre Imposición de Fianza de No Residente y sobre Otros Asuntos*.[17] Requirieron que los señores **TOMEI LÓPEZ** prestaran una *fianza de no residente* y se ordenara la paralización de los procedimientos hasta tanto se proporcionara la misma. Por ello, el 3 de febrero de 2025, se prescribió *Resolución y Orden* en la cual le compelieron consignar una *fianza de no residente* por la cantidad de cinco mil dólares ($5,000.00) a los señores **TOMEI LÓPEZ**, ello dentro del intervalo de veinte (20) días.[18] Consecuentemente, al no satisfacer la fianza, el 7 de mayo de 2025, se concretó la *Sentencia* apelada.

El 20 de mayo de 2025, los señores **TOMEI LÓPEZ** presentaron una *Moción de Reconsideración*.[19] Puntualizaron que habían redactado una moción de reconsideración concerniente a la orden de imposición de fianza, pero, por error no fue presentada ante el tribunal. Informaron que estaban dispuestos a desistir sin perjuicio, en la alternativa, que no se rebajara el monto de la fianza. Propusieron, además, que la *Sentencia* fuera enmendada para que la desestimación de la *Demanda* fuese *sin perjuicio*. El 23 de mayo de 2025, **SG NURSING HOME Y OTROS** presentaron su *Oposición a Solicitud de Reconsideraci[ó]n*.[20] Más tarde, el 15 de julio de 2025, se intimó *Resolución* declarando no ha lugar a la petitoria de reconsideración.[21]

---

[16] Entrada núm. 98 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI).
[17] Apéndice de la *Apelación*, entrada núm. 115 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).
[18] Apéndice de la *Apelación*, entrada núm. 117 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).
[19] Apéndice de la *Apelación*, entrada núm. 119 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).
[20] Apéndice de la *Apelación*, entrada núm. 121 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA). El 26 de mayo de 2025, los señores **TOMEI LÓPEZ** presentaron su *Réplica a Moción en Oposición a Nuestra Soli[c]itud de Reconsideración*.
[21] Apéndice de la *Apelación*, entrada núm. 124 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

Inconformes, el 14 de agosto de 2025, los señores **TOMEI LÓPEZ** acudieron ante este foro intermedio revisor mediante *Apelación* en la cual señalaron el(los) siguiente(s) error(es):

> Erró el TPI al desestimar la Demanda de autos sin determinar que la desestimación es una sin perjuicio por ser la primera vez que se desestima por la falta de pago de fianza.

El 25 de agosto de 2025, pronunciamos *Resolución* concediendo un lapso de treinta (30) días para presentar su alegato en oposición a **SG NURSING HOME Y OTROS**. Al día de hoy, **SG NURSING HOME Y OTROS** no han comparecido.

Evaluado concienzudamente el expediente del caso, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a las(s) controversia(s) planteada(s).

## - II –

### - A – *FIANZA DE NO RESIDENTE*

Las Reglas de Procedimiento Civil de 2009 proveen cierto grado de protección a quienes son demandados por las personas que no residen en Puerto Rico.[22] En ciertas instancias, nuestro ordenamiento jurídico exige la prestación de una fianza como mecanismo de garantía. Cuando un reclamante no reside en nuestra jurisdicción, la parte demandada podría enfrentar dificultades para recuperar los costos que conlleva defenderse de una reclamación en su contra.[23] En lo pertinente, la Regla 69.5 de las de Procedimiento Civil de 2009 esboza lo referente a la *fianza de no residente*.[24] El propósito principal de la antedicha Regla es garantizar las costas, los gastos y honorarios de abogados en pleitos en los que la parte reclamante es una corporación extranjera o una persona natural no residente.[25] Además, la Regla 69.5, *supra*, persigue desalentar los litigios frívolos y sin méritos.[26] A esos fines, la aludida Regla dispone lo siguiente:

---

[22] *VS PR, LLC. v. Drift-Wind*, 207 DPR 253, 261 (2021).
[23] *Íd.*
[24] 32 LPRA Ap. V., R. 69.5.
[25] *Yero Vicente v. Nimay Auto*, 205 DPR 126, 130 (2020); *Vaillant v. Santander*, 147 DPR 338, 345 (1998).
[26] *VS PR, LLC v. Drift-Wind, supra*; *Sucn. Padrón v. Cayo Norte*, 161 DPR 761, 766 (2004).

Cuando la parte reclamante resida fuera de Puerto Rico o sea una corporación extranjera, el tribunal requerirá que preste fianza para garantizar las costas, los gastos y los honorarios de abogados a que pueda ser condenada. Todo procedimiento en el pleito se suspenderá hasta que se preste la fianza, que **no será menor de mil (1,000) dólares**. El tribunal podrá ordenar que se preste una fianza adicional si se demuestra que la fianza original no es garantía suficiente, y los procedimientos en el pleito se suspenderán hasta que se preste dicha fianza adicional.

**Transcurridos sesenta (60) días desde la notificación de la orden del tribunal para la prestación de la fianza o de la fianza adicional sin que ésta haya sido prestada, el tribunal ordenará la desestimación del pleito**.

No se exigirá prestación de fianza a las partes reclamantes que residan fuera de Puerto Rico cuando:

(a) se trate de una parte litigante insolvente que esté expresamente exceptuada por ley para el pago de aranceles y derechos de presentación;
(b) se trate de un copropietario o una copropietaria en un pleito que involucra una propiedad sita en Puerto Rico y al menos otro de los copropietarios u otra de las copropietarias también es reclamante y reside en Puerto Rico, o
(c) se trate de un pleito instado por un comunero o una comunera para la disolución, liquidación, partición y adjudicación de bienes sitos en Puerto Rico.

La exigencia de una fianza a un reclamante no residente es de carácter *mandatorio* y todo procedimiento en el pleito queda suspendido hasta que se preste. Empero, hay excepciones a la aplicación automática de esta Regla.[27] Si el reclamante extranjero que no está exento de prestar la fianza falla en presentarla en el término de sesenta (60) días, el tribunal ordenará la desestimación del pleito. De modo que, ante un incumplimiento con dicho tiempo, el tribunal está forzado a imponer como sanción la desestimación del pleito.[28]

En lo atinente, cuando una parte demandante no residente transgrede las exigencias de la Regla 69.5 de las de Procedimiento Civil de 2009 y el tribunal determina que el **incumplimiento fue injustificado**, procede la desestimación del pleito, distinto a como ocurre con otras clases de desestimaciones, en estos casos el tribunal no goza de la discreción para dejar de imponer tal sanción o punición.[29]

---

[27] *VS PR, LLC v. Drift-Wind*, *supra*, pág. 262-263.
[28] *Yero Vicente v. Nimay Auto*, *supra*, pág. 134; *VS PR, LLC v. Drift-Wind*, *supra*, pág. 264-265.
[29] *Íd.*, pág. 264; *Díaz Maldonado v. Lacot*, 123 DPR 261, 274-275 (1989).

La desestimación del pleito por incumplimiento con la Regla 69.5 de las de Procedimiento Civil de 2009, debe tener finalidad y efecto de cosa juzgada, en armonía con la solución justa, rápida y económica de los procedimientos judiciales. Esto es, comúnmente, "una sentencia de archivo tiene la autoridad de cosa juzgada".[30] **No obstante, el Tribunal Supremo amplió dicho pronunciamiento para aclarar que la desestimación debe tener finalidad y efecto de cosa juzgada, salvo que el tribunal en el ejercicio de su discreción decida lo contrario.**[31] Conforme a esta normativa, el tribunal goza de discreción para aprestar que la desestimación sea sin perjuicio, pero si no lo hace, entonces se reputará que es con perjuicio.[32]

El efecto de la desestimación, si es *con o sin perjuicio*, por eludir el pago de la *fianza de no residente* es una decisión discrecional del tribunal.[33] Como resultado, no especificar en su determinación desestimatoria el efecto de la sentencia, se reputará que es con perjuicio.[34] En consonancia con lo anterior, este Tribunal de Apelaciones solo podrá intervenir con la determinación del foro de instancia si se demuestra que este abusó de su discreción, es decir, que resultó arbitraria.[35]

- III -

En su recurso de *Apelación*, los señores **TOMEI LÓPEZ** argumentan que incidió el foro de instancia al desestimar la *Demanda con perjuicio*. Toda vez

---

[30] *VS PR, LLC v. Drift-Wind, supra,* págs. 272- 273; *Sucn. Rosario v. Sucn. Cortijo,* 83 DPR 678, 684 (1961).
[31] *Íd.* (Énfasis nuestro).
[32] *Íd.*
[33] *Íd.*
[34] *Íd.,* pág. 273.
[35] En *VS PR, LLC v. Drift-Wind, supra*, el Tribunal Supremo discutió la definición de *discreción*. Su significado es "*tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción.*" A su vez, ofreció varios ejemplos de lo que se pudiese considerar un abuso de discreción:
> "[C]uando el juez no toma en cuenta e ignora en la decisión que emite, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando el juez, por el contrario, sin justificación ni fundamento alguno, concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en éste, o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez los sopesa y calibra livianamente." *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 435 (2013) citando a *Pueblo v. Rivera Santiago,* 176 DPR 559, 580 (2009).

que, al ser la primera vez que se desestima el pleito por la falta del pago de la *fianza de no residente*, y ante la denegatoria de no reducir el monto total, correspondía que fuese *sin perjuicio*. En su lacónico escrito, recalcan que, por error, no imploraron una reconsideración de la imposición de la *fianza de no residente*, pero, en cambio, sí presentaron oportunamente el ruego de reconsideración de la *Sentencia* resuelta el 8 de mayo de 2025.

En este caso, a requerimiento de **SG NURSING HOME Y OTROS**, el 4 de febrero de 2025, se profirió una *Resolución y Orden* en la cual se dispuso lo siguiente:

> Como se pide. Se ordena a la parte demandante a consignar una fianza de no residente por la cantidad de cinco mil dólares ($5,000.00). **Se le concede el término de 20 días**. Se paralizan los procedimientos hasta tanto la fianza sea consignada.[36]

Pasados los veinte (20) días, los señores **TOMEI LÓPEZ** no prestaron la *fianza de no residente*. Ante la inobservancia de los señores **TOMEI LÓPEZ**, se precisó la *Sentencia* desestimando la causa de acción, sin especificar si era *con* o *sin perjuicio*, ello, **habiendo pasado noventa y dos (92) días desde la imposición de la *fianza de no residente***.

Discernimos que los señores **TOMEI LÓPEZ** no nos situaron en posición para determinar que la *Sentencia* debe ser enmendada a los efectos de aparejar que la desestimación sea *sin perjuicio*. No trasciende del expediente que los señores **TOMEI LÓPEZ** hayan articulado ante el Tribunal de Primera Instancia una razón válida que pudiera ser considerada justa causa para no efectuar el pago de la *fianza de no residente* dentro el término establecido en la *Resolución y Orden*. Inclusive, transcurrió un tiempo razonablemente largo luego de los veinte (20) días conferidos, excediendo el máximo de sesenta (60) días que dispone la Regla 69.5 de las de Procedimiento Civil de 2009.[37] No es hasta que el tribunal apelado concreta la *Sentencia*, que los señores **TOMEI LÓPEZ** deciden presentar su *Moción de Reconsideración*, y, aun así, no

---

[36] (énfasis nuestro).

[37] Desde la fecha en que se impuso la *fianza de no residente* por cinco mil dólares ($5,000.00), 4 de febrero de 2025, hasta la fecha en que se dictaminó la *Sentencia* impugnada, 7 de mayo de 2025, transcurrieron noventa y dos (92) días.

justificaron su inobservancia para con el pago de la *fianza de no residente*. Se ciñeron, sin más, a elucidar que la moción de reconsideración para la reducción del monto de la fianza no fue presentada por un error; dicha cantidad era excesiva; y en la alternativa, imploraban la desestimación, *sin perjuicio,* de la causa de acción.

Escudriñado minuciosamente la totalidad del expediente, no hallamos prueba o indicador alguno que refleje que el foro de instancia hubiese actuado de manera arbitraria, ilegal o irrazonable, o sus acciones constituyen un abuso de discreción al desestimar la causa de acción. Denotamos la omisión del pago de la *fianza de no residente* por los señores **TOMEI LÓPEZ** y no hubo un pretexto o excusa válida. En suma, no subsiste razón alguna de hecho o derecho que nos persuada a intervenir y variar la providencia impugnada. Acorde, concertamos que, al no disponer si la desestimación era *con o sin perjuicio*, la presunción es que es **con perjuicio;** y la *Sentencia* es apropiada. En conclusión, no se incidió en el error.

- IV -

Por los fundamentos antes expuestos, ***confirmamos*** la *Sentencia* prescrita el 7 de mayo de 2025 por el Tribunal de Primera Instancia, Sala Superior de Mayagüez.

**Notifíquese inmediatamente**.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

La Jueza Cintrón Cintrón disiente con el resultado sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones